IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03381-GPG

RONALD JENNINGS FOGLE,

      Applicant,

v.

RICK RAEMISCH, Director for Colorado Department of Corrections, and
JOHN SUTHERS, Attorney General for Colorado,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney

Springs, Colorado.  Mr. Fogle initiated this action by filing *pro se* a document (ECF No.

1) titled "Motion for Court Appointed Counsel, Motion for a[n] Evidentiary Hearing,

Motion to Vacate, Set Aside or Correct a Sentence, by the Writ of Habeas Corpus."  On

December 19, 2014, Mr. Fogle filed on the proper form an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4).  Mr. Fogle is challenging the

validity of the habitual criminal sentence he is serving as a result of his conviction in

Denver District Court case number 99CR136.  Mr. Fogle claims that his sentence

violates the Fourteenth Amendment to the United States Constitution.

The Court must construe the papers filed by Mr. Fogle liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Fogle has filed four prior habeas corpus actions in the District of Colorado challenging the validity of his conviction and sentence in Denver District Court case number 99CR136. In the first action, Mr. Fogle challenged the validity of his convictions and sentences in three Denver District Court cases, one of which was 99CR136. *See Fogle v. Smelser*, No. 07-cv-01636-ZLW (D. Colo. Nov. 13, 2007), *appeal dismissed*, 314 F. App'x 89 (10th Cir. 2008). Case number 07-cv-01636-ZLW was dismissed on the merits because Mr. Fogle's first claim was an impermissible challenge to prior Maryland convictions used to enhance his Colorado sentence and his other claims did not raise cognizable federal constitutional issues. Mr. Fogle then filed a habeas corpus action challenging the validity of his convictions and sentences in six Denver District Court cases, one of which again was 99CR136. *See Fogle v. Smelser*, No. 10-cv-00932-ZLW (D. Colo. June 22, 2010), *appeal dismissed*, No. 10-1291 (10th Cir. July 30, 2010). In case number 10-cv-00932-ZLW, Mr. Fogle's claims relevant to Denver District Court case number 99CR136 were dismissed for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application. Mr. Fogle next filed a habeas corpus action challenging the validity of the habitual criminal sentence he is serving as a result of his conviction in Denver District Court case number 99CR136. *See Fogle v. Miller*, No. 13-cv-00486-LTB (D. Colo. May 9, 2013). The Court dismissed case number 13-cv-00486-LTB for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application. Most recently, Mr. Fogle filed another application for a writ of habeas

corpus challenging the validity of the habitual criminal sentence he is serving as a result of his conviction in Denver District Court case number 99CR136. *See Fogle v. Miller*, No. 13-cv-02759-LTB (D. Colo. Nov. 6, 2013). The Court dismissed case number 13-cv-02759-LTB for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.

Although Mr. Fogle fails to list each of these prior actions in the application (*see* ECF No. 4 at 7), the Court may take judicial notice of its own records and files that are part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court has examined the records for the cases listed above and finds that Mr. Fogle previously has challenged the validity of his conviction and sentence in Denver District Court case number 99CR136. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Fogle must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence"

3

and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Fogle states in the application that he has not obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. (*See* ECF No. 4 at 7.) Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Fogle fails to demonstrate that his claim in this action is based on either a new and retroactive rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that the application would be time-barred if filed anew in the proper forum, it appears that the application would be time-barred even if Mr. Fogle had sought

proper authorization prior to filing in this Court. There also is no indication that the claim

Mr. Fogle seeks to raise has any merit. Finally, it was clear when the instant action was

filed that this Court lacks jurisdiction over the application. As demonstrated above, Mr.

Fogle has been advised in a number of prior habeas corpus actions that this Court lacks

jurisdiction to consider claims challenging the validity of his conviction or sentence in a

second or successive application in the absence of authorization by the Tenth Circuit.

As a result, the Court finds that a transfer of his action to the Tenth Circuit is not in the

interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369

U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24. Accordingly, it is

ORDERED that the "Motion for Court Appointed Counsel, Motion for a[n]

Evidentiary Hearing, Motion to Vacate, Set Aside or Correct a Sentence, by the Writ of

Habeas Corpus." (ECF No. 1) is denied. It is

FURTHER ORDERED that the habeas corpus application (ECF No. 4) is denied

and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __27th__ day of ___January___, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court